IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| LABORERS LOCAL #235 PENSION FUND, on behalf of itself and all others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>RENKOTIL INITIAL PLC, ANDREW M. RANSOM, STUART M. INGALL-TOMBS, and BRADLEY S. PAULSEN,<br><br>    Defendants. | No. 2:24-cv-02932-SHL-tmp |

**ORDER GRANTING MOTION OF THE CITY OF BIRMINGHAM RETIREMENT AND RELIEF SYSTEM FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF COUNSEL**

Before the Court is Proposed Lead Plaintiff the City of Birmingham Retirement and Relief System's ("Birmingham") Motion for Appointment as Lead Plaintiff and Approval of Selection of Counsel, filed January 27, 2025. (ECF No. 9.) The Motion seeks to have Birmingham appointed "as Lead Plaintiff for a class of all persons and entities that purchased Rentokil Initial plc . . . American Depositary Shares ('ADSs') between December 1, 2023 and September 10, 2024, inclusive (the 'Class Period')" and to "approv[e] its selection of Saxena White P.A. ("Saxena White") as Lead Counsel for the Class and Stranch, Jennings & Garvey, PLLC ("SJ&G") to serve as Local Counsel for the Class." (ECF No. 11 at PageID 149.)

This is a class action brought on the behalf of "all persons and entities that purchased" ADSs during the Class Period. (ECF No. 1 at PageID 1.) The action seeks remedies under the Securities Exchange Act of 1934 and SEC Rule 10b-5 against Rentokil, the largest global pest control services provider, and certain officers and executives of the company. (Id. at PageID 1–

2.) The lawsuit alleges that Defendants made certain materially false and/or misleading statements and/or omissions, resulting in the ADSs trading at artificially inflated prices during the Class Period, and ultimately resulting in losses to the members of the class in connection to their purchase of the ADSs. (Id. at PageID 20.)

In the Motion, Birmingham, which characterizes itself as "a sophisticated institutional investor that oversees approximately $1 billion in assets on behalf of its beneficiaries and has significant experience serving as a lead plaintiff," seeks to be appointed as Lead Plaintiff, as it contends that it satisfies all of the prerequisites for lead plaintiff appointment. (ECF No. 11 at PageID 149.)

The Private Securities Litigation Reform Act of 1995 ("PSLRA"), which amended the Securities Exchange Act of 1934 (the "Exchange Act"), outlines the sequential process for selecting a lead plaintiff for private actions arising under the Exchange Act that are brought as a class action. 15 U.S.C. § 78u-4(a)(1), (3). It provides that,

> Not later than 20 days after the date on which the complaint is filed, the plaintiff or plaintiffs shall cause to be published, in a widely circulated national business-oriented publication or wire service, a notice advising members of the purported plaintiff class—
> (I) of the pendency of the action, the claims asserted therein, and the purported class period; and
> (II) that, not later than 60 days after the date on which the notice is published, any member of the purported class may move the court to serve as lead plaintiff of the purported class.

15 U.S.C. § 78u-4(a)(3)(A).

Section 78u-4(a)(3)(B) governs appointment of the lead plaintiff. So, within ninety days of the publication of the notice described above, the court must consider motions by a purported class member in response to the notice, including by class members not individually named as a plaintiff in the complaint, "and shall appoint as lead plaintiff the member or members of the

purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members." 15 U.S.C. § 78u-4(a)(3)(B)(i).

There is a rebuttable presumption that the most capable representative is the person or group of persons that: either filed the complaint or a motion in response to the notice; has the largest financial interest in the relief sought by the class, as determined by the court; and otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure. 15 U.S.C. § 78u-4(a)(3)(B)(iii). The presumption is rebuttable "only upon proof by a member of the purported plaintiff class that the presumptively most adequate plaintiff . . . will not fairly and adequately protect the interests of the class [or] is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

Here, the Court is convinced that Birmingham is the entity most capable of representing the interests of the members of the class. Saxena White published notice on November 26, 2024 on GlobeNewswire, alerting investors to the filing of the lawsuit and included the January 27, 2025 deadline for seeking appointment as lead plaintiff. (See ECF No. 10-3.) Birmingham is the only class member to have filed a motion in response to the notice, no other entity has suggested a greater financial interest in the relief the class seeks, and, as explained in the Motion, Birmingham satisfies Rule 23's requirements. (See ECF No. 11 at PageID 155.) Moreover, no other member of the purported class presented any proof to challenge Birmingham as the most adequate plaintiff.

Given the foregoing, Birmingham's Motion is **GRANTED**. It shall be named Lead Plaintiff in this action.

Consistent with the PSLRA, because Birmingham has been named Lead Plaintiff, the Court also **APPROVES** of its selection of Saxena White as Lead Counsel and SJ&G as Local

Counsel for the class, as "[t]he most adequate plaintiff shall, subject to the approval of the court, select and retain counsel to represent the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II). The Motion demonstrates that Saxena White and SJ&G have significant experience in securities class actions, justifying Birmingham's selection of them as counsel. (See ECF No. 11 at PageID 159–162; ECF No. 10-4; ECF No. 10-5.)

## CONCLUSION

Consistent with the foregoing, the Court **GRANTS** the Motion and appoints Birmingham as Lead Plaintiff, and **APPROVES** the selection and retention of Saxena White as Lead Counsel and SJ&G as Local Counsel for the class.

**IT IS SO ORDERED,** this 14th day of February, 2025.

s/ Sheryl H. Lipman<br>
SHERYL H. LIPMAN<br>
CHIEF UNITED STATES DISTRICT JUDGE