**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

| | | |
|---|---|---|
| LABORERS LOCAL #235 PENSION FUND, on behalf of itself and all others similarly situated, | ) ) ) ) | |
|     Plaintiff, | ) ) | |
| v. | ) ) | No. 2:24-cv-02932-SHL-tmp |
| RENKOTIL INITIAL PLC, ANDREW M. RANSOM, STUART M. INGALL-TOMBS, and BRADLEY S. PAULSEN, | ) ) ) ) | |
|     Defendants. | ) ) | |

**ORDER DENYING JOINT MOTION REGARDING PROPOSED BRIEFING
SCHEDULE AND INITIAL PRETRIAL CONFERENCE**

Before the Court is the Joint Motion Regarding Proposed Briefing Schedule and Initial Pretrial Conference, filed on February 26, 2025, by Lead Plaintiff Birmingham Retirement and Relief System and Defendants Renkotil Initial PLC, Andre M. Ransom, Stuart M. Ingall-Tombs, and Bradley S. Paulsen.  (ECF No. 28.)

In the Motion, the Parties explain that, pursuant to the Court's February 14, 2025 Order Granting Joint Motion Regarding Service and Case Schedule, they conferred and agreed upon proposed deadlines that would govern the case through briefing on a yet-to-be-filed motion to dismiss.  The Parties seek an order adopting their proposed schedule.

The Parties also assert that, because this action is subject to the requirements of the Private Securities Litigation Reform Act ("PSLRA"), "all discovery and other proceedings shall be stayed during the pendency of any motion to dismiss, unless the court finds upon the motion of any party that particularized discovery is necessary to preserve evidence or to prevent undue prejudice to that party."  (Id. at PageID 209 (quoting 15 U.S.C. § 78u–4(b)(3)(B)).)  To that end,

the Parties state that, "[b]ecause discovery is stayed pursuant to the PSLRA, Defendants defer to the Court regarding whether to vacate the initial pretrial conference currently scheduled for March 7, 2025." (Id.)

The Parties are commended for collaborating on a proposed schedule. The Court will not, however, adopt the schedule or vacate the pretrial conference, given its need to discuss the proposed schedule with the Parties. Further, although discovery and other proceedings would be stayed upon the filing of a motion to dismiss under the PSLRA, there is no pending motion to dismiss, and, under the Parties' proposed schedule, it might come as late as June 16, 2025. (ECF No. 28 at PageID 209.) Ultimately, because there is no motion to dismiss pending, the matter is not yet stayed. See In re CBL & Assocs. Properties, Inc. Sec. Litig., No. 119CV00181JRGCHS, 2019 WL 4696701, at *2 (E.D. Tenn. Sept. 23, 2019) ("Simply, the record contains no pending motion to dismiss, and the PSLRA's plain language does not state that the Court must stay discovery in anticipation of a motion to dismiss. A stay of discovery, at this time, is therefore inappropriate.")[1]

Therefore, the Motion is **DENIED**. The scheduling conference will proceed as scheduled at 1:30 p.m. March 7, 2025, via Microsoft Teams Video, at which time the Court will set a schedule in this matter.

**IT IS SO ORDERED,** this 27th day of February, 2025.

s/ Sheryl H. Lipman
SHERYL H. LIPMAN
CHIEF UNITED STATES DISTRICT JUDGE

---

[1] Even if a Party has already submitted discovery requests, the earliest they could be considered to have been served would be the date of the scheduling conference. (See Fed. R. Civ. P. 26(d)(2)(B).)