IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| LABORERS LOCAL #235 PENSION FUND, on behalf of itself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>RENTOKIL INITIAL PLC, ANDREW M. RANSOM, STUART M. INGALL-TOMBS, and BRADLEY S. PAULSEN,<br><br>Defendants. | Case No. 2:24-cv-2932-SHL-tmp<br><br>**ORAL ARGUMENT REQUESTED** |

**REQUEST FOR JUDICIAL NOTICE AND CONSIDERATION OF DOCUMENTS INCORPORATED BY REFERENCE IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS AMENDED CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS**

Pursuant to Rule 10(c) of the Federal Rules of Civil Procedure and Rule 201(b) of the Federal Rules of Evidence, Defendants Rentokil Initial plc, Andrew M. Ransom, Stuart M. Ingall-Tombs, and Bradley S. Paulsen (collectively, "Defendants") respectfully request that the Court take judicial notice of, or consider under the doctrine of incorporation by reference, Exhibits 1-20 attached to Defendants' Motion to Dismiss ("Motion") Amended Class Action Complaint for Violations of the Federal Securities Laws ("Complaint" or "AC") and referenced in the Declaration of Lissa M. Percopo (the "Percopo Declaration") filed concurrently herewith.

**DISCUSSION**

In evaluating a motion to dismiss for failure to state a claim, "courts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule

1

12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rts., Ltd.*, 551 U.S. 308, 322 (2007); *see also In re Yum! Brands, Inc. Sec. Litig.*, 73 F. Supp. 3d 846, 857 & n.4 (W.D. Ky. 2014), *aff'd sub nom. Bondali v. Yum! Brands, Inc.*, 620 F. App'x 483 (6th Cir. 2015) (explaining that courts must consider documents incorporated by reference because such documents "are deemed to be a part of every complaint by implication" (quoting 5B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1357 (3d ed. 2004 & Supp. 2014))). For example, when a complaint "references numerous SEC filings, press conferences, and earnings calls, and they are central to the claims at issue, the Court can consider them without converting the motion to dismiss to one for summary judgment." *Plymouth Cnty. Ret. Ass'n v. ViewRay*, *Inc.*, 556 F. Supp. 3d 772, 784 (N.D. Ohio 2021), *aff'd*, 2022 WL 3972478 (6th Cir. Sept. 1, 2022). Additionally, in securities class actions, courts may also take judicial notice of "information that was publicly available to reasonable investors at the time the defendant made the allegedly false statements." *N. Port Firefighters' Pension-Loc. Option Plan v. Fushi Copperweld, Inc.*, 929 F. Supp. 2d 740, 773 (M.D. Tenn. 2013). This includes "the full text of the SEC filings, prospectus, analysts' reports and statements integral to the complaint" as long as their existence or contents are not subject to reasonable dispute. *Id.* (quoting *Bovee v. Coopers & Lybrand C.P.A.*, 272 F.3d 356, 360 (6th Cir. 2001) (cleaned up)). Because the documents attached to the Motion and referenced in the Percopo Declaration are either necessarily relied upon in the Complaint or are otherwise judicially noticeable, the Court should consider them in ruling on Defendants' Motion

## I.     Rentokil's SEC Filings

Exhibits 1-9 and 19-20 are all public disclosures Rentokil filed with the U.S. Securities and Exchange Commission ("SEC"), including excerpts of Rentokil's quarterly and annual reports filed on SEC Form 6-K (Exhibits 1-9) and annual reports filed on Form 20-F (Exhibits 19-20).

These exhibits are subject to judicial notice because they are public filings and thus matters of public record not subject to reasonable dispute.  *See* Fed. R. Evid. 201(b); *Fushi,* 929 F. Supp. at 773 (holding that the court may take judicial notice of "full text of [] SEC filings").

Additionally, exhibits 1-9 may be considered with Defendants' Motion because they are incorporated by reference into the complaint.  *Plymouth*, 556 F. Supp. 3d at 784.  The complaint repeatedly references Rentokil's periodic "trading updates," and its documents publishing "preliminary" or "interim financial results."  AC ¶¶ 38-39, 43-44, 49-53, 57, 59, 110-113, 125-129, 137-144, 147, 149, 151-152, 157-158, 160, 164-65, 171-75, 185, 187-191.  Rentokil filed each of these documents with the SEC on Form 6-K, as the Amended Complaint recognizes.  *See* AC ¶¶ 38, 140 (noting that Rentokil's financial results for fiscal years 2022 and 2023 were filed with the SEC on Form 6-K).  Accordingly, the court may consider them and Defendants' alleged misstatements "in their full context."  *Plymouth*, 556 F. Supp. 3d at 784.

## II.    Call Transcripts and Accompanying Investor Presentations

The Court may consider Exhibits 10-13 and 15-18, which are all call transcripts and investor presentations accompanying investor calls because Plaintiff relies on these documents extensively in the Complaint.  *See In re Passenger Vehicle Replacement Tires Antitrust Litig.*, 2025 WL 606533, at *4 (N.D. Ohio Feb. 25, 2025) (holding that earnings calls and press releases referenced throughout the complaint were incorporated by reference); *see also* AC ¶¶ 40-42 (March 2023 "earnings call and presentation"); *id.* ¶¶ 45-46 (July 2023 investor call); *id.* ¶¶ 52, 55-56, 141-42, 145-46, 170-71 (March 2024 "investor call and presentation"); *id.* ¶¶ 58, 148 (April 2024 investor call); *id.* ¶¶ 59-65, 153-58 (July 2024 investor call and "slides accompanying the earnings call"); *id.* ¶¶ 111-12, 121, 160-164, 172-74 (September 2024 investor call); *id.* ¶¶ 114-15, 175 (March 2025 investor call).

The Court may also take judicial notice of Exhibits 10-18—including Exhibit 14, which is not explicitly referenced in the complaint—because these documents are publicly available records that are not subject to reasonable dispute.  *See* Fed. R. Evid. 201(b); *Long Miao v. Fanhua, Inc.*, 442 F. Supp. 3d 774, 786 n.9 (S.D.N.Y. 2020) (explaining that courts "regularly take notice of such investor call transcripts . . . to reflect what was stated"); *Howard v. Arconic Inc.*, 395 F. Supp. 3d 516, 529 n.1 (W.D. Pa. 2019) ("Numerous district courts have taken judicial notice of earnings transcripts when the accuracy of the transcripts' contents is undisputed.").

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court take judicial notice of Exhibits 14, 19, and 20 referenced in the Percopo Declaration and consider Exhibits 1-13 and 15-18 as incorporated by reference.

Dated: May 23, 2025                              Respectfully submitted,


                                                 /s/ *Jason J. Mendro*
                                                 Jason J. Mendro (admitted *pro hac vice*)
                                                 **GIBSON, DUNN & CRUTCHER LLP**
                                                 Lissa M. Percopo (admitted *pro hac vice*)
                                                 1700 M Street, N.W.
                                                 Washington, D.C.  20036
                                                 Telephone: (202) 955-8500
                                                 Facsimile: (202) 467-0539
                                                 jmendro@gibsondunn.com
                                                 lpercopo@gibsondunn.com

                                                 **BUTLER SNOW LLP**
                                                 Robert L. Crawford (Tenn. Bar #007216)
                                                 6075 Poplar Avenue, Suite 500
                                                 Memphis, TN  38119
                                                 Telephone: (901) 680-7395
                                                 Facsimile: (901) 680-7201
                                                 larry.crawford@butlersnow.com

                                                 *Attorneys for Defendants*

5

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on May 23, 2025, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notice of electronic filing to all registered users.

_/s/ Jason J. Mendro_

## CERTIFICATE OF CONSULTATION

I HEREBY CERTIFY that on May 21, 2025, my colleague, Lissa Percopo, consulted with Joshua Saltzman, counsel for Lead Plaintiff City of Birmingham Retirement and Relief System, regarding this motion. City of Birmingham Retirement and Relief System declined to consent to judicial notice of any documents without knowing what they are or how Defendants intend to use them in the Motion to Dismiss. City of Birmingham Retirement and Relief System will make a determination as to whether to oppose any part of this motion after it is filed with the Motion to Dismiss.

*/s/ Jason J. Mendro*

7